**EXHIBIT A**

IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| TOMMY CLERKLEY & <br> RODNEY THOMPSON, | ) <br> ) <br> ) | |
| Plaintiffs, | ) <br> ) | CIVIL ACTION <br> FILE NO. 21-C-06996-S3 |
| v. | ) <br> ) | JURY TRIAL DEMANDED |
| LOWE'S HOME CENTERS, <br> LLC (NC), et al. | ) <br> ) <br> ) | |
| Defendants. | ) | |

## PLAINTIFF TOMMY CLERKLEY'S RESPONSE TO DEFENDANT LOWE'S HOME CENTERS, LLC'S FIRST REQUESTS FOR ADMISSION

COMES NOW Plaintiff Tommy Clerkley, in the above-styled action and shows the Court as follows:

## REQUEST FOR ADMISSIONS

1. You do not have any evidence that Lowe's was negligent in causing the Subject Incident in your possession or control.

   **RESPONSE:**     **Deny.**

2. You are not aware of any evidence that Lowe's was negligent in causing the Subject Incident.

   **RESPONSE:**     **Deny.**

3. Lowe's was not negligent in causing the Subject Accident.

**RESPONSE:** Deny.

4. At the time of the Subject Incident, you were carrying a loaded firearm.

**RESPONSE:** Deny.

5. At the time of the Subject Incident, you were in possession of a firearm.

**RESPONSE:** Deny.

6. At the time of the Subject Incident, you discharged (fired) a firearm.

**RESPONSE:** Deny.

7. At the time of the Subject Incident, you were aware that one or more occupants of Melvin Robinson's truck was in possession of a firearm.

**RESPONSE:** Deny.

8. Immediately prior to the Subject Incident, you were aware that one or more occupants of Melvin Robinson's truck was in possession of a firearm.

**RESPONSE:** Deny.

9. At the time of the Subject Incident, you were not at the Lowe's Camp Creek Marketplace to shop at Lowe's.

**RESPONSE:** **Admit.**

10. At the time of the Subject Incident, you were not an invitee of Lowe's.

**RESPONSE:** Deny.

11. At the time of the Subject Incident, you were on your lunch break from work.

**RESPONSE:** Admit.

12. At the time of the Subject Incident, you were near the Lowe's at Camp Creek Marketplace, at least partially, so that Melvin Robinson could make a deposit nearby.

**RESPONSE:** Admit.

13. Immediately prior to the Subject Incident, you knew or had reason to know that the men in the Nissan Maxima were criminals.

**RESPONSE:** Deny.

14. Immediately prior to the Subject Incident, you knew or had reason to know that the men in the Nissan Maxima were engaging in, or attempting to engage in criminal activity.

**RESPONSE:** Admit.

15. Immediately prior to the Subject Incident, you knew or had reason to know that the men in the Nissan Maxima were attempting to break into another vehicle.

**RESPONSE:** Admit.

16. Immediately prior to the Subject Incident, you knew or had reason to know that it could be dangerous to confront the men in the Nissan Maxima.

**RESPONSE:** Deny.

17. You exited Melvin Robinson's truck at the scene of the Subject Incident.

**RESPONSE:** Deny.

18. You voluntarily exited Melvin Robinson's truck at the scene of the Subject Incident.

**RESPONSE:** **Deny.**

19. You are not currently in possession or control of any evidence that Lowe's acted actions showed willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of conscious indifference to consequences.

**RESPONSE:** **Deny.**

20. You are not seeking attorneys' fees or litigation expenses pursuant to O.C.G.A. § 13-6-11 against Lowe's in this action.

**RESPONSE:** **Deny.**

21. You are not seeking more than $75,000, exclusive of interest and costs, in this action.

**RESPONSE:** **Deny.**

22. You are seeking more than $75,000, exclusive of interest and costs, in this action.

**RESPONSE:** **Admit.**

Dated:      December 3, 2021.

RESPECTFULLY SUBMITTED,

**COUNSEL FOR PLAINTIFFS**
**TOMMY CLERKLEY &**
**RODNEY THOMPSON:**

By: */s/ Terry D. Jackson*
TERRY D. JACKSON
Georgia Bar No. 386033



*"We Know Trucks"*
www.terryjacksonlaw.com

TERRY D. JACKSON, P.C.
600 Edgewood Avenue
Atlanta, Georgia 30312
(404) 216-5312 cell
(404) 659-2400 office
(404) 659-2414 fax
terry@terryjacksonlaw.com

IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| TOMMY CLERKLEY & <br> RODNEY THOMPSON, | ) <br> ) <br> ) | |
| Plaintiffs, | ) <br> ) | CIVIL ACTION <br> FILE NO. 21-C-06996-S3 |
| v. | ) <br> ) | JURY TRIAL DEMANDED |
| LOWE'S HOME CENTERS, <br> LLC (NC), et al. | ) <br> ) <br> ) | |
| Defendants. | ) | |

**PLAINTIFF RODNEY THOMPSON'S RESPONSE TO DEFENDANT LOWE'S HOME CENTERS, LLC'S FIRST REQUESTS FOR ADMISSION**

COMES NOW Plaintiff Rodney Thompson, in the above-styled action and shows the Court as follows:

**REQUEST FOR ADMISSIONS**

1. You do not have any evidence that Lowe's was negligent in causing the Subject Incident in your possession or control.

**RESPONSE:**   **Deny.**

2. You are not aware of any evidence that Lowe's was negligent in causing the Subject Incident.

**RESPONSE:**   **Deny.**

3. Lowe's was not negligent in causing the Subject Accident.

**RESPONSE:** Deny.

4. At the time of the Subject Incident, you were carrying a loaded firearm.

**RESPONSE:** Deny.

5. At the time of the Subject Incident, you were in possession of a firearm.

**RESPONSE:** Deny.

6. At the time of the Subject Incident, you discharged (fired) a firearm.

**RESPONSE:** Deny.

7. At the time of the Subject Incident, you were aware that one or more occupants of Melvin Robinson's truck was in possession of a firearm.

**RESPONSE:** Deny.

8. Immediately prior to the Subject Incident, you were aware that one or more occupants of Melvin Robinson's truck was in possession of a firearm.

**RESPONSE:** Deny.

9. At the time of the Subject Incident, you were not at the Lowe's Camp Creek Marketplace to shop at Lowe's.

**RESPONSE:** Admit.

10. At the time of the Subject Incident, you were not an invitee of Lowe's.

**RESPONSE:** Deny.

11. At the time of the Subject Incident, you were on your lunch break from work.

**RESPONSE:** Admit.

12. At the time of the Subject Incident, you were near the Lowe's at Camp Creek Marketplace, at least partially, so that Melvin Robinson could make a deposit nearby.

**RESPONSE:** Admit.

13. Immediately prior to the Subject Incident, you knew or had reason to know that the men in the Nissan Maxima were criminals.

**RESPONSE:** Deny.

14. Immediately prior to the Subject Incident, you knew or had reason to know that the men in the Nissan Maxima were engaging in, or attempting to engage in criminal activity.

**RESPONSE:** Admit.

15. Immediately prior to the Subject Incident, you knew or had reason to know that the men in the Nissan Maxima were attempting to break into another vehicle.

**RESPONSE:** Admit.

16. Immediately prior to the Subject Incident, you knew or had reason to know that it could be dangerous to confront the men in the Nissan Maxima.

**RESPONSE:** Deny.

17. You exited Melvin Robinson's truck at the scene of the Subject Incident.

**RESPONSE:** Admit.

18. You voluntarily exited Melvin Robinson's truck at the scene of the Subject Incident.

    **RESPONSE:**    **Admit.**

19. You are not currently in possession or control of any evidence that Lowe's acted actions showed willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of conscious indifference to consequences.

    **RESPONSE:**    **Deny.**

20. You are not seeking attorneys' fees or litigation expenses pursuant to O.C.G.A. § 13-6-11 against Lowe's in this action.

    **RESPONSE:**    **Deny.**

21. You are not seeking more than $75,000, exclusive of interest and costs, in this action.

    **RESPONSE:**    **Deny.**

22. You are seeking more than $75,000, exclusive of interest and costs, in this action.

    **RESPONSE:**    **Admit.**

    Dated:    December 3, 2021.

RESPECTFULLY SUBMITTED,

**COUNSEL FOR PLAINTIFFS
TOMMY CLERKLEY &
RODNEY THOMPSON:**

By:   */s/ Terry D. Jackson*
     TERRY D. JACKSON
     Georgia Bar No. 386033



*"We Know Trucks"*
www.terryjacksonlaw.com

TERRY D. JACKSON, P.C.
600 Edgewood Avenue
Atlanta, Georgia 30312
(404) 216-5312 cell
(404) 659-2400 office
(404) 659-2414 fax
terry@terryjacksonlaw.com